NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRITINIA YENLURY MEMBRENO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-796

Agency No.
A202-095-420

MEMORANDUM[*]

On Petition for Review of an Order of the
Immigration Court

Submitted February 13, 2024[**]
Pasadena, California

Before: W. FLETCHER, NGUYEN, and LEE, Circuit Judges.

Britinia Yenlury Membreno, a native and citizen of El Salvador, petitions for

review of the immigration judge's ("IJ") decision upholding the asylum officer's

determination that she does not reasonably fear persecution or torture in El

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Salvador. *See* 8 C.F.R. §§ 208.31, 1208.31. We have jurisdiction under 8 U.S.C. § 1252(a)(1). Reviewing for substantial evidence, *see Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), we deny the petition.

Membreno argues that she fears persecution because "she was physically and mentally abused for a prolonged period of time" by the fathers of her children ("Carlos" and "Giovanni"), but substantial evidence supports the IJ's contrary finding. Membreno told the asylum officer that Carlos once pushed her onto the ground and later threatened that she should get back together with him or she "would end up in a ditch." However, Carlos last threatened her more than 10 years earlier, and she believed that he had "moved on with his life." She claimed that Giovanni "would harass [her] verbally," spit on her, and commit physically aggressive acts like ripping off her shirt due to his drug use, but Giovanni currently lives in Mexico, and she did not think that he would harm her in El Salvador. Membreno told the asylum officer that she did not fear Carlos or anyone else if she returned to El Salvador.

Persecution is "an extreme concept," *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (quoting *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996) (en banc)), and "torture is more severe than persecution," *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). Although "death threats alone can constitute persecution," vague ones rarely do without additional evidence of significant actual

2

suffering or harm. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000)). Because a reasonable adjudicator could conclude that Carlos's and Giovanni's behavior did not rise to the level of persecution or torture, we must uphold the IJ's decision. *See Andrade-Garcia*, 828 F.3d at 833.

Substantial evidence also supports the IJ's finding that Membreno's "fear of any gang issues . . . is just general conditions of crime in her country." Membreno told the asylum officer that "gangs are feared" in El Salvador but that gangs had never threatened her and she had no reason to believe that one would want to harm her. Such generalized evidence of violence is insufficient to show either persecution on account of a protected ground or torture. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (persecution); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (torture).

**PETITION DENIED.**